# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE AUGUSTA SHERARD, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-1669 |
| : | |
| ALLSTATE INSURANCE COMPANY, : | |
|     Defendant. : | |

## MEMORANDUM

**Goldberg, J.**                                                                                                                                          **June 7, 2021**

Plaintiff Tyrone Augusta Sherard has filed a *pro se* Complaint against Allstate Insurance Company ("Allstate"). (ECF No. 2.) Sherard has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, Sherard will be granted leave to proceed *in forma pauperis,* and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

## I.     FACTUAL ALLEGATIONS[1]

Sherard claims that Allstate engaged in bad faith when it denied an insurance claim following a fire in which Sherard's rented apartment and personal possessions were destroyed. (ECF No. 2 at 2-3.)[2] On the form Complaint Sherard used to file his case, he checked the box indicating that he seeks to invoke the Court's federal question jurisdiction. (Id. at 2.) According to the Complaint, Sherard rented Unit B at 738 N. 49th Street, in Philadelphia. (Id. at 3.) A fire damaged approximately $30,000 worth of personal property. (Id.) When Sherard was denied Additional Living Expenses benefits, presumably by Allstate, he lost his lease. (Id.) Allstate

---

[1]     The allegations set forth in this Memorandum are taken from Sherard's Complaint.

[2]     The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

denied all coverage following the loss, and Sherard has been unable to replace clothing, furniture, and other belongings. (Id. at 3-4.) Additionally, he has become homeless. (Id. at 4.)

Based on the foregoing, Sherard asserts a claim based upon Allstate's alleged bad faith. (Id. at 4.) He seeks money damages in the amount of $40,000, including $30,000 for loss of property and $10,000 for living expenses.

## II. STANDARD OF REVIEW

Because Sherard appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. Id. As Sherard is proceeding *pro se*, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Group Against Smog and Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. See

Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Although Sherard checked the box on the form Complaint indicating he seeks to invoke the Court's federal question jurisdiction, he claims only that Allstate acted in bad faith when it denied his insurance claim. (ECF No. 1 at 2.) It is not clear from the Complaint whether Sherard intends to pursue a common law bad faith claim against Allstate, or a claim under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371. However, neither a common law breach of contract claim, nor a statutory bad faith claim can support federal question jurisdiction because such claims do not arise under the Constitution, laws, or treaties of the United States. There appears to be no other basis for the exercise of federal question jurisdiction.

Moreover, diversity jurisdiction is not available under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" Lincoln Ben. Life Co., 800 F.3d at 104 (quoting Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) and Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). Sherard does not allege his own citizenship. Rather, he provides only a

Pennsylvania address for himself. He provides an address in Malvern, Pennsylvania for Allstate. (Id. at 1, 2.) Thus, on the face of the Complaint, Sherard has failed to meet his burden to show diversity of citizenship and cannot establish the Court's jurisdiction over any state law claims he intends to pursue.

Even if the citizenship of the parties was properly pled, Sherard does not satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Gp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." Coulter v. Paul Laurence Dunbar Cmty. Ctr., 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted). Here, Sherard claims that the amount in controversy is $40,000, an amount below the jurisdictional limit. Accordingly, diversity jurisdiction is lacking.

## IV. CONCLUSION

For the reasons set forth above, Sherard's application for leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed with prejudice for lack of subject matter jurisdiction pursuant to § 1915(e)(2)(B). No leave to amend will be granted because any amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002). Rather, Sherard may pursue his state law claims in a Pennsylvania state court with appropriate jurisdiction. An appropriate Order follows.